UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. ODOM,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. EDCV 05-0817-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On August 29, 2005, Deborah A. Odom ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for social security disability insurance benefits. On September 15, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 23, 2006, defendant filed an Answer to Complaint. On May 24, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///
///
///

**BACKGROUND**

On May 18, 2000, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 65-68). In her application, plaintiff claimed that her disability commenced on December 1, 1997. (AR at 65). She claimed that she was unable to work because of lower back surgery and a herniated disc; muscle spasms; back pain and nerve damage; low back pressure; and right leg burning. (AR at 53). On September 13, 2000, the Commissioner denied plaintiff's application for benefits. (AR at 47-50). On November 30, 2000, plaintiff filed a request for reconsideration. (AR at 51-52). On July 27, 2001, the Commissioner denied plaintiff's request for reconsideration. (AR at 53-56). Plaintiff did not appeal the denial of reconsideration. (AR at 15).

On May 12, 2003, plaintiff filed a second application for disability insurance benefits on the same claim. (AR at 70). The claim was denied initially and on reconsideration. (AR at 15, 59-63). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 64). On July 27, 2004, the ALJ conducted a hearing in Orange, California. (AR 293-322). Plaintiff appeared at the hearing with counsel and testified. (AR at 296-318).

On November 24, 2004, the ALJ issued his decision denying benefits. (AR at 15-23). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: lumbar degenerative disc disease post laminectomy, migraine headaches, and depression. (AR at 17). The ALJ determined, however, that none of these impairments, either individually or in combination, met or equaled any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at

17).  The ALJ then found that plaintiff had the residual functional capacity to perform a significant range of sedentary work.[1]  (AR at 22).  Ultimately, the ALJ found that plaintiff was not entitled to disability insurance benefits under the Social Security Act.  (AR at 22).

On November 24, 2004, plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council.  (AR at 6).  Thereafter, the Appeals Council affirmed the ALJ's decision.  (AR at 6-8).

**PLAINTIFF'S CONTENTIONS**

Plaintiff contends that:

1.   The ALJ failed to properly consider the opinion of plaintiff's treating physician.

2.   The ALJ failed to properly develop the record regarding a treating physician's opinion of disability.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

3

(9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Id. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Bowen, 482 U.S. at 140-41. Step three requires the consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is

presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. <u>Id.</u> If the claimant cannot perform his past work, the fifth and final step determines whether he is able to perform other work in the national economy in light of his age, education and work experience. <u>Id.</u> at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. <u>Id.</u>

**B.   Duty to Develop the Record**

Plaintiff claims that the ALJ failed to fulfill his duty to develop the record further by neglecting to recontact David E. Rhodes, M.D., a treating physician, to obtain additional medical records. Dr. Rhodes sent a letter to the ALJ after the hearing explaining that he treated plaintiff for severe back problems as well as depression in the late 1990s and considered her disabled while she was under his care. (AR at 292). In his decision, the ALJ acknowledged the letter from Dr. Rhodes but rejected his opinion of disability because it was "not supported by any treatment records, a clinical diagnosis or even a specific date of treatment." (AR at 17).

An ALJ must fully and fairly develop the record and assure that plaintiff's interests are considered. <u>See</u> <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991). In carrying out this duty, the ALJ must "make every reasonable effort" to help the claimant gather her medical records. 20 C.F.R. § 416.912(d). Where the claimant is not represented by counsel, "it is incumbent upon the ALJ to scrupulously and conscientiously probe into, inquire of, and explore for all

1  relevant facts." Higbee v. Sullivan, 975 F.2d 558, 561 (9th Cir.
2  1992). But even when the claimant is represented by counsel, the ALJ
3  must still fulfill his duty to develop the record. See Brown v.
4  Heckler, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and
5  fairly develop the record exists even when claimant is represented by
6  counsel). The ALJ's duty to develop the record further is triggered
7  only when there is ambiguous evidence or the record is inadequate to
8  allow for proper evaluation of the evidence. Mayes v. Massanari, 276
9  F.3d 453, 459-60 (9th Cir. 2001); See 20 C.F.R. § 404.1512(e).
10 However, plaintiff bears the burden of presenting evidence within her
11 control that establishes her eligibility for benefits. See 20 C.F.R.
12 §§ 404.704, 416.912(a).

   Nevertheless, an ALJ may not reject a treating physician's opinion for lacking supporting clinical data or explanation without first re-contacting the physician to determine whether such supporting clinical data exists. In particular, 20 C.F.R. 404.1512(e)(1), in pertinent part, states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, <u>the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques</u>.

20 C.F.R. 404.1512(e)(1) (emphasis added). Thus, unless an ALJ complies with his duty to recontact the treating physician, an ALJ cannot validly cite a lack of clinical data or explanation to reject the treating physician's opinion. See Cleveland v. Apfel, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000) (remanding case to ALJ for failure to re-contact treating physician before rejecting opinion and stating, "When the opinion submitted by a treating physician is not adequately supported by clinical findings, the ALJ must attempt, sua sponte, to develop the record further by contacting the treating physician to determine whether the required information is available"); see also Corey v. Barnhart, 2002 WL 663130, at *5 (S.D. Ind. March 14, 2002) ("The ALJ discredited Dr. Ciulla's opinion because of the lack of objective findings, and there is no indication in the record that the ALJ recontacted Dr. Ciulla to find out whether he had any findings or other information to support his opinion. The ALJ's failure to do so was error.").

Here, the evidence regarding the nature of plaintiff's condition prior to the date last insured was not adequate for the ALJ to make a proper determination of disability. In the decision, referring to plaintiff's degenerative disc disease, bilateral L5 pars fractures, and right sciatica, the ALJ noted, "there are very few records of ongoing medical treatment concerning that impairment and surgery prior to the date last insured." (AR at 17). The ALJ also observed that "[t]here is only one contemporaneous medical report which indicates that claimant initially underwent conservative treatment and was given some type of disability rating for only a few months prior to her surgery." (AR at 17). Yet despite the ALJ's own admission that the record was inadequate, the ALJ did not recontact Dr. Rhodes for

7

treatment records or clarification of his medical opinion. Instead, the ALJ relied on the medical opinion of William Cable, M.D., a non-examining physician. The ALJ's failure to recontact Dr. Rhodes for treatment records and clarification of his medical assessment of plaintiff constitutes error.

As the Commissioner notes, the ALJ rejected Dr. Rhodes' one-paragraph opinion because it was not supported by the treatment records, clinical diagnoses, or even dates of treatment. (Joint Stipulation at 9; AR at 17). The Commissioner contends that the ALJ was entitled to reject Dr. Rhodes' opinion because it was inconsistent with the evidence in the record. (Joint Stipulation at 10). Specifically, the Commissioner states that another treating physician found plaintiff to be only temporarily disabled during the period of time Dr. Rhodes claims to have treated plaintiff. (Id.). The Commissioner also states that Dr. Rhodes claimed to treat plaintiff for chronic depression, but none of the medical records dated prior to June 30, 1999 mentioned any diagnosis of this illness; instead, they only dealt with plaintiff's lumbar impairment. (Id.). However, these alleged inconsistencies are merely byproducts of an inadequate record and are not grounds for the ALJ to reject the medical opinion of a treating physician without first re-contacting the physician to determine whether supporting clinical data exists.

The ALJ's duty to recontact Dr. Rhodes to develop the record was triggered when he received Dr. Rhodes' August 13, 2004 letter. Dr. Rhodes' medical assessment of plaintiff consisted of this one paragraph letter, which was unaccompanied by treatment records or clinical findings. (AR at 292). The letter made no reference to any medical evidence; instead, it generally summarized plaintiff's

illnesses and concluded that she was disabled while she was under his care in the late 1990s. (Id.). The administrative record is also devoid of any evidence submitted by Dr. Rhodes that could support his contentions. Despite the fact that plaintiff listed Dr. Rhodes as a treating physician in the paperwork she completed with her application, and despite the fact she testified that Dr. Rhodes was her physician at the hearing, the only document from Dr. Rhodes in the record is his August 13, 2004 letter to the ALJ. (AR at 88, 121, 312). The conspicuous absence of medical evidence in the record from Dr. Rhodes coupled with his unsupported opinion in his August 13, 2004 letter triggered the ALJ's duty to, sua sponte, develop the record further by recontacting Dr. Rhodes to determine whether the requisite supporting information was available. The ALJ's failure to fulfill this duty constitutes error.

**C.    Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy the defects in the ALJ's decision, and where the record should be developed more fully. McAlister, 888 F.2d at 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir. 1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455

(9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, the Court finds remand appropriate. On remand, the ALJ should recontact Dr. Rhodes to develop the record further with respect to Dr. Rhodes' opinion of plaintiff's disability. The ALJ must also reassess the medical opinions in this case and credit those opinions, unless he can state specific and legitimate reasons for rejecting them. Thereafter, if necessary, the ALJ must also consider the effects of plaintiff's physical impairment in deciding whether plaintiff has the residual functional capacity to perform work that exists in significant numbers in both the local and national economies.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: June 22, 2006

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE